**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Eric Lamar Brown,                  )     No. CV-07-2615-PHX-GMS (MEA)
                                   )
            Petitioner,            )     **ORDER**
                                   )
    v.                             )
                                   )
Dora B. Schriro, et al.,           )
                                   )
            Respondents.           )
_____)

Pending before the Court is the Writ of Habeas Corpus of Petitioner, Eric Lamar Brown.  (Dkt. # 1.)  On August 26, 2008, Magistrate Judge Mark E. Aspey issued a Report and Recommendation ("R & R") recommending that the Petition be denied.  (Dkt. # 15.) Petitioner timely filed objections.  (Dkt. # 17.)  For the reasons below, the Court adopts the recommendation of Magistrate Aspey.

**BACKGROUND**

On January 13, 2000, Petitioner was found guilty by a jury of armed robbery, unlawful flight from a law enforcement officer, aggravated assault, resisting arrest, and misconduct involving weapons.  On May 1, 2000, Petitioner was sentenced to concurrent sentences of six years imprisonment on the convictions for unlawful flight and aggravated assault, a

concurrent sentence of 4.5 years imprisonment pursuant to a prior attempted theft felony in 1994, and a concurrent sentence of twenty-eight years on the conviction for armed robbery. The R & R sets forth the procedural and factual background.[1]

In his Petition for Writ of Habeas Corpus, Petitioner asserts four grounds for relief: (1) his Fourteenth Amendment due process rights were violated by the prosecution's failure to preserve potentially exculpatory evidence; (2) his Fourteenth Amendment due process rights were violated by the prosecution's failure to disclose material evidence favorable to the defendant; (3) his Fourteenth Amendment due process rights were violated by the state knowingly presenting perjured trial testimony and by the state deliberately suppressing exculpatory evidence; and (4) ineffective assistance of counsel.  (Dkt. # 1.)  The magistrate Judge recommended that all four grounds be dismissed with prejudice.

**STANDARD**

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B);

---

[1]In his objection, Petitioner notes errors in the R & R's recitation of the procedural history.  Specifically, the R & R states, "It is unclear if Petitioner sought review of [the Superior Court's dismissal of the third petition for state post-conviction relief] by the Arizona Court of Appeals."  (Dkt. # 15, at 12.)  Additionally, the R & R states that, "The Arizona Court of Appeals denied review [of Petitioner's fourth action for state post-conviction relief] on April 26, 2007."  (*Id.* at 13.)  Both of these statements are incorrect.  Petitioner *did* seek review from the Arizona Court of Appeals on his third petition for state post-conviction relief.  (Dkt. # 10, Ex. GG.)  The Court of Appeals denied review on April 26, 2007.  (Dkt. # 10, Ex. HH.)  Petitioner's fourth petition for state post-conviction relief was not appealed to the Arizona Court of Appeals.  Beyond those errors, the Court adopts the procedural and factual history of the R & R as an accurate recital.  Neither error is relevant to the analysis or recommendation of the Magistrate Judge.  *See* discussion *infra*.

*Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993).  Any party "may serve and file written objections" to the R & R.  28 U.S.C. § 636(b)(1).  "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  *Id.*  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*

## DISCUSSION

Petitioner's objections to the R & R include two substantive disputes with the Magistrate's analysis.  First, Petitioner objects to the Magistrate's determination that the 1-year limitations period in the Antiterrorism and Effective Death Penalty Act ("AEDPA") did not start anew after Petitioner learned that no blood had been collected from the crime scene. (Dkt. # 17, at 4-6.)  Second, Petitioner objects to the Magistrate's determination that his claims are procedurally defaulted.  (*Id.* at 6-8.)  After conducting a *de novo* review of the record, the Court will address Petitioner's objections.

**I.     Is Petitioner Entitled to the AEDPA's Alternative Start Date Based on "Newly Discovered Evidence?**

The AEDPA, 28 U.S.C. § 2244 *et seq.*, applies to this case because Petitioner's federal Petition was filed after the AEDPA's effective date.  *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 (9th Cir. 2003).  The "AEDPA imposes a one-year statute of limitation on habeas corpus petitions filed by state prisoners in federal court."  *Id.* (citing 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to [a petition] for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.")).  The limitation period generally begins to run when the state conviction becomes final "by the conclusion of direct

review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A); *see White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002) ("Under the AEDPA . . . a state prisoner must file his federal habeas corpus petition within one year of the date his state conviction became final.").  However, under section 2244(d)(1)(D) of the AEDPA, the 1-year limitations period may begin to run anew from "the date on which the factual predicate of the claim or claims presented *could have been discovered* through the exercise of due diligence" rather from the date a state conviction became final.  (emphasis added).

The factual predicate to the Petitioner's claims is the fact that no blood evidence from the crime scene was collected.  Petitioner argues that the "information was never before known to the Petitioner" prior to his request for DNA testing in 2005, and therefore that the fact qualifies as "newly discovered evidence" under the AEDPA.  (Dkt. # 17, at 5.)  However, as the Magistrate concludes, this factual predicate could have been discovered previously through the exercise of due diligence.  As early as discovery in the first trial, Petitioner was on notice that there was a factual discrepancy as to whether blood was collected from the crime scene.  (*See* Dkt. 10, Ex. Z, at Ex.1, 2.)  The Magistrate also points to several statements in the record probative of the fact that Petitioner could have pursued testing of the blood during his trials. (*See* Dkt. # 15, at 17-18.)

Petitioner argues, however, that the Prosecutor was "hiding" this evidence during trial.  Even if Petitioner is correct in his conclusion that the lack of blood evidence *could not* have been discovered during trial because "the prosecutor [was] hiding [it]," there is no reason why Petitioner had to wait over five years after he was convicted to seek testing of the blood

alleged to have been collected.[2] (Dkt. # 17, at 4.)  Even if the prosecution was "hiding" the blood evidence, Petitioner, by acting with due diligence, would have learned what was ultimately discovered in 2006 – that no blood evidence, in fact, had been collected.  Even assuming that Petitioner could not have learned of the absence of blood evidence during trial, he still waited from January 2000, the date of his conviction, to October 2005, to exercise diligence in discovering this fact.  Therefore, the Court agrees that "the existence of any blood evidence or lack thereof was not 'newly discovered' as that term is defined by section 2244, [and] Petitioner is not entitled to the later date for the beginning of the statute of limitations regarding his federal habeas petition."[3] (Dkt. # 15, at 18.)  The Court concludes that Petitioner's limitations period began to run on or about December 28, 2001, and expired one year later – nearly five years before his habeas petition was filed.

**II.    Were Petitioner's Habeas Claims Procedurally Defaulted in the State Courts?**

Procedural default may occur when a petitioner presents a claim to the state courts, but the state courts do not address the merits of the claim because the petitioner failed to follow a state procedural rule.  *See, e.g.*, *Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991).  "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review . . . he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" *Ellis*

---

[2]Arizona Revised Statutes § 13-4240, enacted in 2000, allows anyone convicted of a felony to request DNA testing of evidence "in possession or control of the court or the state."

[3]Petitioner also requests an evidentiary hearing based upon his allegation of newly discovered evidence.  (Dkt. # 17, at 8.)  Because the Court concludes that Petitioner's allegation of newly discovered evidence is erroneous, the Court denies the request.

*v. Armenakis*, 222 F.3d 627, 632 (9th Cir. 2000) (quoting *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994)).

Petitioner's four habeas claims stem from his third petition for post-conviction relief. Petitioner does not argue that any of his claims derive from either his direct appeals or his first, second or fourth petitions for post-conviction relief.  The finding in the R & R that Petitioner's claims are procedurally defaulted is based on the fact that the state court applied a procedural bar to the claims raised in Petitioner's third  petition for post-conviction relief. The state court refused to review the merits of his claims because Petitioner did not raise them in a procedurally proper manner.  (Dkt. # 10, Ex. DD) (finding that under Rule 32.2 of the Arizona Rules of Criminal Procedure, Petitioner "is precluded from relief as to these claims because they either were or should have been raised on direct appeal or in the first Rule 32 proceeding.").

Petitioner appears to argue that because he then sought review at the Arizona Court of Appeals, the procedural bar was removed.  *See Ylst*, 501 U.S. at 801 ("State procedural bars are not immortal, however; they may expire because of later actions by state courts.").  Petitioner would be correct only if the Arizona Court of Appeals had disregarded the procedural bar.  Nevertheless, that court only denied review of Petitioner's claims.  (Dkt. # 10, Ex. JJ.); *see Ylst*, 501 U.S. at 806 (holding that where "the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.").

Petitioner's final objection is that the state court erred in its application of Rule 32.2 of the Arizona Rules of Criminal Procedure which resulted in procedural default.  (Dkt. # 17,

at 7.)  Federal courts, addressing habeas petitions, lack jurisdiction "to review state court applications of state procedural rules."  *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999); *see also High v. Ignacio*, 408 F.3d 585, 590 (9th Cir. 2005) ("This court accepts a state court ruling on questions of state law."); *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997) ("It is not the office of a federal habeas court to determine that a state court made a mistake of state law" in applying a state procedural bar.); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  Therefore, the R & R's conclusion that the state court's procedural bar constituted an adequate and independent ground for denying Petitioner's claims is correct.  Therefore, the Court accordingly will accept the R&R's conclusion that review of Petitioner's claims are barred because the claim is procedurally defaulted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** adopting the Report and Recommendation (Dkt. # 15).

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petitioner's Petition for Writ of Habeas Corpus (Dkt. # 1).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this action.

DATED this 16th day of September, 2008.

G. Murray Snow
United States District Judge

- 8 -